

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 2, 1959

Honorable D. C. Greer
State Highway Engineer
Texas Highway Department
Austin, Texas

Opinion No.  WW 585

Re:  Whether Highway Department can
spend highway funds for assess-
ments to pave city streets ad-
jacent to buildings and sites
owned and used by the Highway
Department.

Dear Mr. Greer:

You request the opinion of this office upon the above captioned
matter.

The 55th Legislature, 1957, passed H. B. 179, presently codified
in Vernon's Civil Statutes as Article 6674w. Subdivision 3 of this
act provides in part as follows:

". . .constructing and operating warehouses and
other buildings and facilities used in connection
with the construction, maintenance, and operation
of the State Highways. . . ."

Prior to the enactment of this specific legislation, this office
has for many years uniformly recognized the authority of the Highway
Department, in the exercise of the broad general powers conferred
upon it by law to construct and maintain a system of highways in the
state, to do those things necessary and incidental to that end. This
is covered somewhat in detail in our Opinion S-105 referred to in
your opinion request, a copy of which we assume you have.

The Highway Department does now have specific legislative authority
to construct, operate, and maintain warehouses and other buildings used
in the construction, maintenance, and operation of a system of State
Highways.

The construction and maintenance of these warehouses, essential
as they are to the efficient and economic operation of a State High-
way System, need not and should not be considered as isolated from
the streets of a city upon which they are located, nor did the
Legislature intend that they should be. Free use of the street upon
which a warehouse is located and the right of egress and ingress
therefrom is necessary to the operation and maintenance of a warehouse.
A well-paved street adjacent to the warehouse is desirable for the
convenience of the Highway Department and its employees operating and
using the warehouse. It is, therefore, quite reasonable to say that

the pro rata cost of paving the street adjacent to a warehouse owned
and operated by the State Highway Department should be borne by the
Department. A city and the general public is under no legal obliga-
tion to assume and pay this cost for the State Highway Department.
The Highway Department is, therefore, authorized to pay its pro
rata share of the paving of the street attributable to the warehouse
frontage thereon if there is an available appropriation from which
it may be paid. We next consider that question.

The expenditure of this money shall not be considered as an
expenditure for highways directly or per se. The authority for the
expenditure comes from its capacity as a land owner. It can spend
money for a street improvement levied against a tract of land owned
and used by the Highway Department in the performance of its duties
just as it could repair the roof of a building located on that land.
We understand that this has been your departmental construction for
many years.

We are of the opinion that this paving cost may be paid from
the appropriation made to the State Highway Department in Item No.
23 of the present biennium appropriation, this for the reason that
the cost of this paving may be considered as an administrative ex-
pense in connection with the establishing, planning, constructing
and maintaining a system of State Highways as contemplated and set
forth in Chapter 1, Title 116 and Chapter 186, General Laws, 39th
Legislature, Regular Session, and amendments thereto.

SUMMARY

The State Highway Department is authorized to construct and
operate warehouses and other buildings and facilities used in con-
nection with the construction, maintenance, and operation of State
Highways, and incidental thereto to pay a pro rata share of the
cost of paving the street on which such a warehouse is located,
and the same may be paid from Item No. 23 of the appropriation to
the State Highway Department covering the present biennium.

WILL WILSON
ATTORNEY GENERAL OF TEXAS

BY L. P. Lollar
L. P. LOLLAR
ASSISTANT ATTORNEY GENERAL

LPL:pm

APPROVED:

OPINION COMMITTEE:

J. Arthur Sandlin, Chairman

H. Grady Chandler
Elmer McVey
Edward A. Cazares

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    W. V. Geppert